# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 16-158-1 |
| VERSUS | JUDGE DONALD E. WALTER |
| ALGERNON JAMES WILSON | MAGISTRATE JUDGE HANNA |

## MEMORANDUM ORDER

Before the Court is a motion for compassionate release filed pro se by the defendant, Algernon James Wilson ("Wilson"). See Record Document 74. The Federal Public Defender's Office notified the Court that its office would not be enrolling on behalf of Wilson. The Government opposes Wilson's motion. See Record Document 77. Based on the following, the motion for release is **DENIED**.

Wilson was charged in a four-count indictment with Hobbs Act robbery and bank robbery. See Record Document 1. Wilson pled guilty to count four of the indictment, which charged him with Hobbs Act robbery of the Ville Platte Clinic Pharmacy. On January 12, 2017, Wilson was sentenced by this Court to 120 months of imprisonment. Wilson is currently housed at United States Penitentiary Coleman I ("USP Coleman I") and he has a projected release date of January 2025.

On March 25, 2021, Wilson filed a motion seeking compassionate release or, in the alternative, release to home confinement based on his assertion that his sickle cell trait and hypertension make him particularly susceptible to becoming seriously ill if he contracted COVID-19. Record Document 74. Wilson has exhausted his administrative remedies. See Record Document 74-2; see also 18 U.S.C. § 3582(c)(1)(A) (Under this section, the Court has the authority to reduce a defendant's sentence "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal . . . or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility. . . .").

The Government maintains that Wilson's motion fails on the merits. See Record Document 171. The Government contends that Wilson has not established an "extraordinary and compelling reason" for release as the term is defined in Section 3582(c)(1)(A). Although Wilson asserts that he is entitled to compassionate release based on his conditions of sickle cell trait and hypertension[1], his medical records reveal that he has received both doses of the COVID-19 vaccine. The Government further contends that the factors contained in 18 U.S.C. § 3553(a) weigh against Wilson's release. See Record Document 103.

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S. Ct. 2683, 2690 (2010). Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2). Section 3852(c)(1)(A)(i) provides that a court may reduce a prisoner's sentence after administrative remedies have been exhausted "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

The Sentencing Commission addressed in a policy statement what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody. See U.S.S.G. § 1B1.13.[2] However, the

---

[1] The CDC lists hypertension under the category of "adults of any age with the following conditions **might be at an increased risk** for severe illness from the virus that causes COVID-19." https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[2] The Sentencing Commission's policy statement regarding compassionate release provides, in pertinent part, that the court may reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons. . . " if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court determines that--

Fifth Circuit Court of Appeals recently held that this policy statement does not bind a district court in considering a motion filed by a defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), as opposed to a motion filed by the Director of the Bureau of Prisons. See United States v. Shkambi, 993 F.3d 388, 2021 WL 1291609, at *4 (5th Cir. Apr. 7, 2021). The Shkambi court concluded that "[t]he district court . . . is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id. The defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See United States v. Ennis, No. 02-1430, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing United States v. Stowe, No. 11-803, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019)); United States v. Wright, No. 16-214, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

The BOP is in the process of administering the COVID-19 vaccine to inmates and staff. To date, the BOP has administered approximately 195,504 doses of the vaccine. See www.bop.gov/coronavirus (last updated 6/21/21). In fact, medical records reveal that Wilson received both doses of the Moderna COVID-19 vaccine as of March 25, 2021. See Record Document 78 at 26. In the Fifth Circuit, courts have denied early release to inmates with a variety of medical conditions who, like Wilson, have been

---

(1) (A) Extraordinary and compelling reasons warrant the reduction; . . .

(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. The application notes to this statement then delineate examples of extraordinary and compelling reasons pursuant to this section.

vaccinated for COVID-19. See United States v. Parham, No. 19-133, 2021 WL 1911899, at *2 (S.D. Miss. May 12, 2021); United States v. Schad, 17-225-3, 2021 WL 1845548, at *4 (S.D. Tex. May 5, 2021); United States v. Leavell, No. 07-202, 2021 WL 1517912, at *3 (E.D. La. April 16, 2021); United States v. Moore, No. 7-60, 2021 WL 2325014, at *3 (M.D. La. June 7, 2021). In light of this, Wilson has failed to establish that extraordinary and compelling reasons exist to release him from prison.

The Court has also looked at the presence of COVID-19 at USP Coleman I. There are zero inmates and staff members who are currently testing positive out of 1,288 total inmates.[3] http://www.bop.gov/coronavirus (last updated 6/21/2021). Courts have held that "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). See, e.g., United States v. Clark, 451 F.Supp.3d 651, 657 (M.D. La. Apr. 1, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence. . . .") (quoting United States v. Eberhart, 448 F.Supp.3d 1086 (N.D. Cal. Mar. 25, 2020). Wilson has not shown that inmates are currently not receiving adequate medical attention if they contract the virus. Additionally, Wilson has not shown that the BOP is currently unable to adequately manage the COVID situation. This Court cannot equate the generalized fear of COVID-19 to an extraordinary and compelling reason to support compassionate release, nor will it undermine BOP's criteria to determine eligibility for sentence reductions or home confinement.[4] Considering that Wilson

---

[3] No inmates or staff died from the virus. However, there are 106 inmates and 56 staff who have recovered from the virus. www.bop.gov/coronavirus (last updated 6/21/21).

[4] In the alternative, Wilson also requested release to home confinement. However, this request is also **DENIED**, as the decision on whether to release an inmate to home confinement is within the exclusive purview of the Bureau of Prisons. See 18 U.S.C. § 3621(b); United States v. Read-Forbes, 454 F.Supp.3d 1113, 1118 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the BOP broad discretion to expand

4

has received a COVID vaccination and the low number of cases at USP Coleman I, he has failed to establish the existence of sufficient reasons based on his medical conditions or the COVID-19 pandemic that would constitute extraordinary and compelling reasons to warrant relief. Therefore, the Court finds that Wilson has not met his burden.

Even assuming that Wilson had identified extraordinary and compelling reasons, he is still not entitled to relief under the factors contained in 18 U.S.C. § 3582 and the sentencing factors set forth in 18 U.S.C. § 3553(a). Section 3553(a), which sets forth the factors to consider in imposing sentence, requires the Court to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentencing imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; and (C) to protect the public from further crimes of the defendant. See 18 U.S.C. § 3553(a).

The Court finds that Wilson has not demonstrated that he qualifies for compassionate release under these guidelines. First, as previously mentioned, Wilson was sentenced in this Court for Hobbs Act robbery of a pharmacy during which a gun was held to a cashier's head as she was directed to provide Wilson's co-perpetrator with narcotics. Wilson provided the gun and drove the getaway vehicle, which he took on a high-speed chase, ignoring traffic signs and devices, and eventually crashing the vehicle. Thereafter, he gave false statements to law enforcement officers and made threatening comments to his co-defendant. Wilson has a previous conviction for possession of cocaine (which originated as a charge for distribution of cocaine), a conviction for simple battery and a conviction for negligent injury (which

---

the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); United States v. Rodriguez, No. 15-198, 2020 WL 5369400, at *3 (E.D. La. Sept. 8, 2020).

was originally charged as aggravated second degree battery). Wilson also has received disciplinary infractions for fighting and possession of a dangerous weapon. He has served less than half of his current sentence. In light of these, and other facts, to reduce Wilson's sentence would not reflect the seriousness of the offense, promote respect for the law or afford an adequate deterrence to criminal conduct. Accordingly, the Section 3553(a) factors weigh against reducing Wilson's sentence.

The Court shares Wilson's concerns about the effect of COVID-19 in the prison setting. However, those concerns are not being ignored by the BOP or this Court. The BOP is taking action to address COVID-19 concerns in its facilities. Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, "expand[s] the cohort of inmates who can be considered for home release." The BOP is currently reviewing prisoners to determine if temporary release to home confinement or some other type of release, removal, or furlough is appropriate, under the standards issued by the CDC for persons at heightened risk. The BOP currently has 7,181 inmates on home confinement and the total number of inmates placed in home confinement from March 26, 2020 to the present (including inmates who have completed service of their sentence) is 27,049. https://www.bop.gov/coronavirus/ (last updated 6/21/2021).

For the foregoing reasons, **IT IS ORDERED** that Wilson's motion is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 23rd day of June, 2021.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE